In the United States District Court
for the Eastern District of Michigan
Southern Division

| | |
|---|---|
| Chris Connolly,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STA Management, LLC; Amer Asmar d/b/a Domino's Pizza; John Doe Corp. 1-10; John Doe 1-10,<br><br>　　　　Defendants. | Case No.<br><br>Judge<br><br>Magistrate Judge<br><br>Jury Demand Endorsed Hereon |

Complaint and Jury Demand

## I. Introduction

1. Chris Connolly brings this action against STA Management, LLC and Amer Asmar d/b/a Domino's Pizza. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with minimum wages as required by the Fair Labor Standards Act ("FLSA") and M.C.L. §408.414.

2. Defendants operate approximately 54 Domino's pizza restaurants in the State of Michigan (Team STA Domino's stores).

1

3. Plaintiff worked for Defendants as a delivery driver at their Lathrup Village and Royal Oak, Michigan locations.

4. Defendants have repeatedly and willfully violated the Fair Labor Standards Act and Michigan minimum wage law by failing to adequately reimburse Plaintiff for his delivery-related expenses, thereby failing to pay Plaintiff the legally mandated minimum wages for all hours worked.

## II. Jurisdiction and Venue

5. Under 28 U.S.C. § 1541 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

6. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Michigan law claims.

7. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district and a substantial part of the events giving rise to the claim herein occurred in this district and division.

## III. Parties

**Plaintiff**

8. Plaintiff Chris Connolly resides in Berkley, Michigan. At all times material herein, Plaintiff worked within the boundaries of the Eastern District of Michigan.

9. Plaintiff was an "employee" of all of the Defendants as defined in the FLSA and M.C.L. §408.414.

2

10. Plaintiff has given written consent to join this action.

**Defendants**

**STA Management, LLC**

11. STA Management, LLC is a Michigan limited liability company with a principal place of business at 29850 Northwestern Hwy, Suite 200, Southfield, Michigan 48034.

12. Amer Asmar is the owner of STA Management, LLC

13. STA Management, LLC operates or has operated during the relevant time period over 54 Domino's Pizza stores in Michigan.

14. STA Management, LLC had substantial control over Plaintiff's working conditions, and over unlawful policies and practices alleged herein.

15. STA Management, LLC had direct or indirect control over the terms and conditions of Plaintiff's work.

16. At all relevant times, STA Management, LLC maintained control, oversight, and direction over Plaintiff including, but not limited to hiring, firing, disciplining, timekeeping, payroll, reimbursements, payrates, deductions, and other practices.

17. STA Management, LLC was an "employer" of Plaintiff as that term is defined by the FLSA and Michigan law.

18. At all relevant times, STA Management, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

19. STA Management, LLC's gross revenue exceeds $500,000 per year.

**Amer Asmar**

20. Amer Asmar is the owner and CEO of STA Management, LLC

21. Amer Asmar is the owner and CEO of STA Management, LLC Domino's stores ("Team STA Domino's stores").

22. Amer Asmar is the owner and CEO of other legal entities that operate the Team STA Domino's stores.

23. Amer Asmar is individually liable for Plaintiff's claims under the definitions of "employer" set forth in the FLSA and Michigan law because he owns and operates the Team STA Domino's stores, serves as a manager and/or member of STA Management, LLC, ultimately controls significant aspects of Team STA Domino's stores day-to-day functions, and ultimately controls compensation and reimbursement of employees at Team STA Domino's stores. 29 U.S.C. § 203(d).

24. At all times relevant, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had financial control over the operations at each of the Team STA Domino's stores.

25. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has a role in significant aspects of the Team STA Domino's stores' day-to-day operations.

26. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had control over the Team STA Domino's stores' pay policies.

27. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had power over personnel and payroll decisions at the Team STA Domino's stores, including but not limited to influence of delivery driver pay.

28. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had the power to hire, fire, and discipline employees, including delivery drivers at the Team STA Domino's stores.

29. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had the power to stop any illegal pay practices that harmed delivery drivers at the Team STA Domino's stores.

30. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had the power to transfer the assets and liabilities of Team STA Domino's stores.

31. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had the power to declare bankruptcy on behalf of Team STA Domino's stores.

32. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had the power to enter into contracts on behalf of Team STA Domino's stores.

33. At all relevant times, by virtue of his role as owner and CEO of STA Management, LLC, Amer Asmar has had the power to close, shut down, and/or sell each of the Team STA Domino's stores.

34. At all relevant times, by virtue of his role as an owner and CEO of STA Management, LLC, Amer Asmar had authority over the overall direction of each Team STA Domino's stores store and was ultimately responsible for their operations.

35. The Team STA Domino's stores function for Amer Asmar's profit.

36. Amer Asmar has influence over how the Team STA Domino's stores can run more profitably and efficiently.

**John Doe Corporations 1-10**

37. Upon information and belief, and in anticipation of likely evidentiary support after a reasonable opportunity for discovery, Defendants own and operate other entities and/or limited liability companies that also qualify as Plaintiff's "employer" under the FLSA and Michigan law.

38. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

39. Upon information and belief, and in anticipation of likely evidentiary support after a reasonable opportunity for discovery, there are other Defendants who own an interest and/or have operational control over the Team STA Domino's stores that also qualify as Plaintiff's "employer" under the FLSA.

40. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

### IV. Plaintiff's Factual Allegations

41. Plaintiff worked at Defendants' Domino's store in Lathrup, Michigan and Royal Oak, Michigan from April 2017 to April 2020.

42. Plaintiff was an hourly, non-exempt employee of Defendants.

43. As a delivery driver, Plaintiff delivered pizza and other food items to Defendants' customers' homes and businesses.

44. When he was not making deliveries, Plaintiff worked inside the restaurant, completing tasks such as making pizza, building pizza boxes, taking out trash, mopping and sweeping, dishwashing, food preparation, answering phones, and completed other general tasks within the store.

45. Plaintiff was paid at or close to Michigan minimum wage for the hours he works inside the store.

46. Plaintiff was paid minimum wage minus a tip credit for the hours he works completing deliveries.

47. Plaintiff drove his personal car to make deliveries for Defendants.

48. Defendants required Plaintiff to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, registration, licensing, and financing costs, and other equipment necessary for delivery drivers to complete their job duties.

49. Pursuant to such requirements, Plaintiff purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, registration, licensing, and financing costs, and suffers automobile depreciation all for the primary benefit of Defendants.

50. Plaintiff regularly made approximately two to three deliveries per hour during the hours he worked as a delivery driver.

51. Defendants did not record all of Plaintiff's actual expenses incurred while completing deliveries for them.

52. Defendants did not reimburse Plaintiff at the IRS standard business mileage rate for each mile he drove.

53. Defendants did not reimburse Plaintiff based on his actual expenses.

54. Defendants did not reimburse Plaintiff based on a reasonable approximation of his expenses.

55. Plaintiff was reimbursed at a flat-rate of $1.00 per delivery while completing deliveries for Defendants.

56. Plaintiff estimates that he drove on average approximately 3.15 miles round trip per delivery.

57. Plaintiff's per mile reimbursement averages to $.31 per mile ($1.00 / 3.15 miles) per delivery.

58. During 2019, for example, the IRS business mileage reimbursement has been $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile he drove on the job decreased his net wages by approximately $.27 ($.58 - $.31) per mile.

Considering Plaintiff's estimate of about 3.15 average miles per delivery, Defendants under-reimbursed him about $.85 per delivery ($.27 x 3.15 average miles).

59. Thus, Plaintiff consistently "kicks back" to Defendants approximately $2.55 per hour ($.85 per delivery x 3 deliveries per hour).

60. Defendants failed to properly claim a tip credit from Plaintiff's wages because they failed to pay the wage rate they promised they would pay, after accounting for unreimbursed expenses.

61. As a result of unreimbursed improperly taking a tip credit from Plaintiff's wages, automobile expenses, and clock in/out procedures, Defendants have failed to pay Plaintiff minimum wage as required by law.

## IV. Causes of Action

### Count 1
### Failure to Pay Minimum Wages - Fair Labor Standards Act

62. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

63. Plaintiff was a non-exempt, hourly employee entitled to receive no less than minimum wage for all hours worked.

64. Defendants paid Plaintiff at or close to minimum wage for all hours worked.

65. Defendants required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket and failed to properly reimburse Plaintiff for said expenses.

66. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff.

67. Plaintiff has been damaged by Defendants' willful failure to pay minimum wage as required by law.

68. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## Count II
## Failure to Pay Minimum Wage – M.C.L. §408.414

69. Plaintiff restates and incorporates the following allegations as if fully rewritten herein.

70. Defendants paid Plaintiff below minimum wage for hours he worked by requiring him to cover automobile expenses and other job-related expenses.

71. The Michigan Workforce Opportunity Wage Act, M.C.L. §408.411, *et seq.* requires that employers be paid not less than minimum wage as determined by an inflation index (currently $9.65/hour) for all hours worked.

11

72. Because Defendants required and continue to require Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff minimum wage.

73. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including but not limited to unpaid wages, unreimbursed expenses, an additional one times unpaid wages/unreimbursed expenses in liquidated damages, costs, and attorney fees pursuant to M.C.L. §408.419.

**WHEREFORE**, Plaintiff Chris Connolly prays for all of the following relief:

A. Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

B. A declaratory judgment that the practices complained of herein are unlawful under the Workplace Opportunity Wage Act, M.C.L. §408.411, *et seq*. and that Defendants' violations were willful.

C. An award of damages under M.C.L. §408.419, based on Defendants' willful failure to pay minimum wages, calculated as an additional one time of back wages as liquidated damages, attorney's fees, and costs.

D. An award of prejudgment and post-judgment interest.

E.  An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

F.  Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

Dated: July 1, 2020

/s/ Bradley K. Glazier
Bradley K. Glazier (P35523)
Robert M. Howard (P80740)
BOS & GLAZIER, P.L.C.
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
Telephone: (616) 458-6814
Email: bglazier@bosglazier.com

and

Andrew P. Kimble (*pro hac vice forthcoming*)
Philip J. Krzeski (*pro hac vice forthcoming*)
Biller & Kimble, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45209
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
akimble@billerkimble.com
pkrzeski@billerkimble.com

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

Respectfully submitted,

*/s/ Bradley K. Glazier*
Bradley K. Glazier (P35523)
Robert M. Howard (P80740)
BOS & GLAZIER, P.L.C.
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
Telephone: (616) 458-6814
Email: *bglazier@bosglazier.com*

and

Andrew P. Kimble (*pro hac vice forthcoming*)
Philip J. Krzeski (*pro hac vice forthcoming*)
Biller & Kimble, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45209
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*